IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ARIGNA TECHNOLOGY LIMITED,** *Plaintiff,* <br><br> v. <br><br> **GOOGLE LLC,** *Defendant.* | Case No. 6:21-CV-01045-ADA |

## DISCOVERY DISPUTE ORDER

The Court hereby resolves the following discovery dispute submitted by email.

### Summary of the Issue

**Arigna:**

Whether the Court should grant Arigna leave to issue pre-*Markman* subpoenas to third parties to obtain circuit schematics for accused instrumentalities.

**Google:**

Whether the Court should follow its OGP and deny pre-*Markman* domestic discovery for both parties, or alternatively, grant all parties leave to issue pre-*Markman* subpoenas to third parties and permit the third party suppliers identified by Arigna to have access to Arigna's unredacted infringement contentions.

### Requested Relief

Arigna requests leave to serve subpoenas on five domestic third parties: Qualcomm Inc.; Skyworks Solutions, Inc.; Qorvo, Inc.; Murata Electronics North America, Inc.; and Universal Global Scientific Industrial Co., Ltd.

Google requests that the Court deny Arigna's request; alternatively, Google requests that the Court grant pre-*Markman* third party discovery as to all parties, and permit the third party suppliers identified by Arigna access to Arigna's unredacted infringement contentions.

## **Arigna's Position**

Arigna requests leave to serve subpoenas on third-party manufacturers of certain semiconductor devices used in Defendants' Accused Products. Two exceptional circumstances warrant initiating this discovery before the *Markman* hearing on July 6, 2022.

*First*, this third-party discovery is necessary to obtain core technical documents which are highly likely to be relevant for claim construction. Defendants served productions of technical documents on March 3, 2022, but those productions do not include any circuit schematics showing the internal operation of many of the semiconductor devices Arigna accuses.

For example, Arigna asserts that the Accused Products infringe the '343 Patent because they contain mmWave devices—made by various third parties—which incorporate the Qualcomm HG11-PG660-200 RF die. Notwithstanding Arigna's contentions, Defendants' productions do not contain any circuit schematics showing how the HG11-PG660-200 RF die operates. Rather, Samsung and Google have said they do not have such schematics and Apple has not committed to produce them. Accordingly, Arigna must obtain them from Qualcomm and the other manufacturers.

Similarly, Arigna's preliminary infringement contentions disclose Arigna's theory that the Accused Products infringe the '164 Patent by incorporating Qualcomm SDR865 transceivers. Yet Defendants have not produced circuit schematics sufficient to show the internal operation of the SDR865. Again, Samsung and Google have told Arigna that they have no further schematics to produce and Apple has made no offer to supplement.

In sum, Arigna is simply trying to obtain the pre-*Markman* core technical documents to which it is entitled from Defendants, but which they have not produced. These documents are likely to be highly relevant to claim construction, and Arigna would be prejudiced if it were to obtain them only after the *Markman* hearing.

*Second*, leave to serve these third-party subpoenas pre-*Markman* also is warranted because foreign discovery may ultimately be necessary to obtain the relevant circuit schematics. Two of the manufacturers Arigna seeks to subpoena—Murata Electronics North America, Inc. and Universal Global Scientific Industrial Co., Ltd.—are U.S. affiliates of foreign companies. Likewise, Qualcomm has foreign affiliates. If these third-parties insist that Arigna pursue foreign discovery to obtain their schematics, Arigna needs to start that process now to keep the case on schedule.

Foreign discovery imposes burdens both on this Court (which must review and issue Hague requests) and foreign officials (which must effectuate them). Permitting Arigna to serve discovery on the domestic entities will allow Arigna to ascertain whether foreign discovery is required.

Finally, a subpoena for core technical documents and circuit schematics will be no surprise to Qualcomm. It is already involved in these cases, having submitted declarations in support of both Apple's and Google's transfer motions.

## Google's Position

Google objects to Arigna's premature request that seeks to unilaterally bypass the case schedule. The Order Governing Proceedings ("OGP") explicitly states that absent "exceptional circumstances," discovery shall not proceed before the *Markman* hearing: "Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed

until after the *Markman* hearing" excerpt where "exceptional circumstances warrant." OGP 4.0 at 2.

Nothing in Arigna's request for third party discovery from Google's domestic suppliers is "exceptional." Suppliers are implicated in many patent cases before this Court and Arigna identifies nothing unique about its request. Arigna alleges that Qualcomm has "foreign affiliates," but fails to show any connection between the unnamed "affiliates" and the requested documents. Arigna's assertion that foreign discovery "may" become necessary at some point in the future is also insufficient to show that pre-*Markman* discovery is warranted here.

In the event the Court grants Arigna's request, Google submits that domestic third party pre-*Markman* discovery should be reciprocal and be permitted as to *all* parties—rather than limited to third parties of interest to just Arigna. A different result would be neither fair nor reasonable. Arigna provides no reason that only Arigna, and not Google, is entitled to such discovery.

For example, Arigna claims that it is entitled to documents related to the Qualcomm components identified in its infringement contentions on the alleged basis that those documents "are likely to be highly relevant to claim construction." If the Court credits Arigna's claim, then Google should likewise be entitled to the third party documents identified in Arigna's infringement contentions—e.g., the full TechInsights reports from which Arigna selected only portions to paste into its charts in its infringement contentions and which Arigna refused to produce, because those third party documents would also be highly relevant to claim construction.

Google further requests that in the event Arigna is permitted to subpoena domestic third party suppliers, Google should be permitted to share Arigna's unredacted infringement contentions with those third party suppliers. Indeed, Arigna's position is internally inconsistent. On one hand, Arigna demands from the third party suppliers documents related to the accused components from

those third parties. On the other hand, Arigna refuses to grant access to the infringement contentions in which these very components are accused, purposely blocking the components' suppliers (and Google) from understanding the context and purpose for Arigna's discovery requests, thereby making any third party discovery more inefficient and less productive. Should Arigna be given access to the third party supplier documents related to the accused components, those third party suppliers should be given access to the contentions in order to determine the specific circuits, features, and technical aspects of their components that Arigna is accusing.

## Resolution

OGP 4.0 states, "if discovery outside the United States is contemplated, the Court is inclined to allow such discovery to commence before the *Markman* hearing." Arigna argues that it needs leave to serve foreign Hague discovery to keep the case on schedule because the Court "must review and issue Hague requests." Consistent with the OGP, the Court hereby **GRANTS** leave to all parties to serve pre-*Markman* foreign discovery via the Hague.

The Court finds that Arigna's remaining requests are related to its infringement contentions, not claim construction. Documents from present-day manufacturers are unlikely to inform the constructions of terms as of the priority date. The meanings of words in the asserted patents are unlikely to be defined in circuit schematics of the Qualcomm HG11-PG660-200 RF die. The Court hereby **DENIES** all other pre-*Markman* discovery sought by Arigna.

Google requests that "in the event Arigna is permitted to subpoena domestic third party suppliers, Google should be permitted to share Arigna's unredacted infringement contentions with those third party suppliers." Because the Court does not grant pre-*Markman* domestic discovery, Google's relief to share unredacted infringement contentions is **MOOTED**.

SIGNED this 7th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE