UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, | Case No. 6:21-cv-1045 |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| GOOGLE LLC, | |
| Defendant. | |

## DISCOVERY ORDER

The Court hereby resolves the following discovery dispute which Arigna Technology Limited ("Arigna") and Google LLC ("Google") submitted by email on May 25, 2022.

### Summary of the Issues

1.      Whether the Court should order Google to present witnesses for venue depositions and also order Arigna to present a witness for a venue deposition.

2.      Whether the Court should issue a protective order to preclude a venue deposition of Arigna where it disclaims connections to the Western District of Texas and the Northern District of California and also to preclude a venue deposition of Google where it has demonstrated no relevant connections to the Western District of Texas and venue discovery closed on May 23.

### Arigna's Position

1.      Arigna timely served two deposition notices on Google seeking venue discovery to which it is plainly entitled, but Google has refused to make any witness available at all.

Arigna served a Rule 30(b)(6) deposition notice seeking to depose Google's declarant—Andrew Rope—whose declaration Google advances in support of its transfer motion. ECF No. 43-2 (Rope Decl.). Arigna also served a single Rule 30(b)(1) deposition notice for testimony from

Vimal Natarajan, a Google employee in Chicago whom Google touts as having "knowledge regarding technical aspects of the Accused Pixel Products, including RF architecture and product design for the Accused Pixel Products." *Id.* ¶ 8.

Both of these depositions are squarely appropriate. OGP 4.1 provides for up to ten hours of deposition testimony within venue discovery. Recognizing this, Google already served responses and objections to Arigna's Rule 30(b)(6) notice that ***agreed*** to provide a witness on almost all of the topics. *See* Ex. A. Yet now Google says it will not produce a 30(b)(6) witness at all. There is no principled basis for Google to deny Arigna a deposition of its own declarant whose declaration it claims warrants transfer of this case to the Northern District of California.

Mr. Natarajan's deposition is similarly important. Google has identified him as having relevant technical knowledge. Given that he is in Chicago, Arigna intends to explore the extent to which other relevant Google witnesses work with him in Chicago and the extent to which relevant documents are maintained there.

Google's apparent basis for refusing to put up any witness for deposition is that it will not allow a Google witness to be deposed unless Arigna makes its own witness(es) available. This is improper gamesmanship that ***has no connection to the propriety of the requested discovery.*** And, as explained below (next issue), conditioning Google's depositions on Arigna's willingness to do the same thing makes no sense where Arigna has expressly disclaimed any connection to the relevant venues.

Courts have long held that it is unfair to rely on a declaration without making the declarant available for deposition. Indeed, "courts often strike testimony where a witness refuses to submit to cross-examination." *Consumer Fin. Prot. Bureau v. Access Funding, LLC*, 2021 WL 2915118, at *21 (D. Md. July 12, 2021) (citing cases).

Nor do Google's written discovery responses remotely supplant the need for deposition testimony. Rather, they make it imperative. For example, Google's limited response to Interrogatory No. 5 identifies *19* relevant witnesses in Chicago—for whom travel to Waco would be more convenient—and yet Google has denied Arigna descriptions of what they do. Moreover, Google's interrogatory responses assert that its Austin employees do not "currently" work on the accused Pixel smartphones, without allowing Arigna to test that assertion with deposition questions.

Relief: The Court should order that Google "must produce witnesses in response to Arigna's deposition notices."

2.      Despite undisputed evidence that Arigna lacks connections with the two judicial districts at issue in Google's pending transfer motion, Google insists on taking a 30(b)(6) deposition of Arigna as pretext to avoid properly-noticed depositions of its own witnesses (and to harass Arigna).

Google moved to transfer venue from this Court to the Northern District of California. It served several interrogatories probing Arigna's connections with each district. Arigna responded—without equivocation—that it has none. Arigna's responses, for example, include:

- Arigna's principal place of business is in Ireland;

- "Arigna does not currently conduct business activities or maintain a place of business or office in the State of Texas or State of California . . ."; and

- "Arigna has not created or maintained documents or physical evidence relevant to any claim or defense in this Action in the Western District of Texas or the Northern District of California . . ."

Thus, to the extent Google intends to argue that transfer is appropriate because Arigna lacks any connection to this District, Google has everything it needs to make that argument.

Nevertheless, Google insists on taking a 30(b)(6) deposition of Arigna as a means to engage in inappropriate horse trading: Google will only agree to make its witnesses available for venue depositions if Arigna presents a corporate witness.

The two are not equivalent. Arigna has unequivocally stated it has no offices, no documents, no evidence, and no other connections of its own to the Western District of Texas. The same cannot be said of Google.

From *public sources*, it is clear that relevant Google witnesses and documents are located in this District and are otherwise far afield from California. Google has over 1,700 employees in Texas, with offices in Austin and Dallas and a $600M data center in Midlothian. Per LinkedIn, Google's Austin employees include Sanjeev Suresh, an integrated circuit design engineer, and Matthew Hill, the Head of Partner Engineering—both of whom are relevant witnesses. Google's deep connections to this District—and to Chicago, which is closer to this District than California—make exploring these connections in depositions wholly appropriate.

There is no equivalent basis to depose Arigna, because there is nothing to discover that is relevant to Google's transfer motion—Arigna does not claim a connection with either Texas or California.

Relief: The Court should enter a protective order that "Arigna is not required to present a witness for deposition on venue topics."

## Google's Position

The two issues raised by the parties are intertwined and should be decided together, and thus Google addresses both issues together in its position statement.  Both present the same questions of fairness and compliance with OGP 4.1:  (1) whether both parties should be entitled to

take venue depositions, or (2) only Arigna can take venue depositions of Google, while Google cannot take venue depositions of Arigna.  Dkt. 44.

Arigna proposes a one-sided approach where only it can take venue depositions of Google, while Google is precluded from doing the same.  That proposal is inequitable and should be rejected.  Instead, an equitable solution should be adopted where both parties can take depositions as requested in their respective deposition notices. Alternatively, another equitable solution is for both sides to forgo venue depositions based on the sufficiency of their written discovery responses and not delay the completion of venue discovery past the May 23 deadline (i.e., last Monday).  *Id*.

To be clear, Google has not refused to make its witnesses available, as Arigna alleges. In compliance with OGP 4.1, Google offered two deponents, Andrew Rope and Vimal Natarajan. But after Google requested that Arigna do the same and produce its own witness in response to Google's Rule 30(b)(6) notice, Arigna refused.

Arigna excuses its refusal on the grounds that its interrogatory responses disclaim connections to W.D. Tex. and N.D. Cal.  But Arigna's excuses do not justify its one-sided proposal of blocking Google from deposing Arigna, nor do they distinguish Arigna from Google such that only Arigna should be allowed to depose Google.  To the contrary, either both parties should proceed with depositions or neither should for three reasons.

First, Arigna is not entitled to a protective order because Google needs relevant discovery from an Arigna corporate witness on topics that have not been adequately addressed through written discovery.  As just one example, Arigna has an agreement with  Microchip Technology, a prior assignee of the asserted '164 Patent who acquired the patent as part of its acquisition of the original assignee, California-based Microsemi.  Under their agreement, Microchip must cooperate with Arigna on both technical and damages aspects of this case.  Google should be allowed to

explore this agreement with Arigna and the extent to which Microchip's California employees (including former Microsemi employees) may be relevant witnesses.  Google is also entitled to explore Arigna's assertion that all its business activities are carried out in Ireland when Mr. Padian, Arigna's director, is based in the U.S.  More generally, Google should be permitted to vet whether Arigna has had any employees, agents, offices, business dealings, and other activities in California. Recognizing that these issues may not require the full ten hours of deposition time permitted by OGP 4.1, Google offered to limit its deposition to only three hours, which Arigna refused.

Second, Arigna and Google are similarly situated with respect to sufficiency of written discovery. Arigna's contention that its interrogatory responses "unequivocally" show that it has no relevant witnesses in either N.D. Cal. or W.D. Tex. does not distinguish Arigna from Google. Google's interrogatory responses and its transfer motion and supporting declarations) are equally unequivocal in showing that Google has no relevant witnesses in Texas, and that most of its witnesses are in California.

The two Google employees in Texas that Arigna references, Sanjeev Suresh and Matthew Hill, are not relevant witnesses.  As Google's discovery responses explain, Mr. Suresh has had no involvement with the accused Pixel phones and Mr. Hill's only role was in customer support (e.g., call centers, help centers), not any technical, sales, or marketing role related to Pixel phones.  A venue deposition is not required merely to confirm those facts.  Google's responses also explain that none of its Texas offices or personnel have any relevance to Arigna's allegations against Pixel products. *See In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021) (rejecting reliance on defendant's "general presence" in transferor forum to deny transfer). Thus, if Arigna's request for a protective order is warranted based on the completeness of its

interrogatory responses, then a protective order for Google is equally warranted based on the completeness of Google's interrogatory responses.

Third, Arigna's purported reasons for demanding the depositions are irrelevant to deciding Google's motion to transfer to N.D. Cal.  Arigna admits that the primary purpose of its depositions of Google is to explore connections between Google and **Chicago** (i.e., N.D. Ill.).  But N.D. Ill. is not the transferor forum (W.D. Tex.) or the proposed transferee forum (N.D. Cal.), nor is it close to either forum.  As this Court has held, the transfer analysis only compares the convenience between the transferor and transferee forums, and "is not altered by the presence of other witnesses and documents in places outside both forums."  *LoganTree, LP v. Apple Inc.*, 6:21-cv-397-ADA, 2022 WL 1491097, at *5 (W.D. Tex. May 11, 2022) (citing Federal Circuit cases).  Here, Chicago is over 1,000 miles away from both W.D. Tex. and N.D. Cal.  And the travel time from Chicago to Waco is longer given the absence of direct flights from Chicago to Waco, compared to the many direct flights from Chicago to N.D. Cal.  Contrary to Arigna's assertions, travel from Chicago to W.D. Tex. is not more convenient than travel from Chicago to N.D. Cal.  *See In re Apple Inc.,* No. 2022-128, 2022 WL 1196768, at *3 (Fed. Cir. Apr. 22, 2022) (finding that travel from Florida to W.D. Tex. "will undoubtedly impose a similar burden" as travel from Florida to N.D. Cal.); *see also In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) (holding that "time is a more important metric than distance" because there are no major airports in Waco.).

Relief:  Order that "Both parties, Arigna and Google, must produce witnesses on venue in response to their respective deposition notices."

Alternative Relief:  The Court enters a protective order that "Both parties, Arigna and Google, are not required to present a witness for deposition on venue topics."

## **ORDER**

After considering the parties' respective position statements submitted to the Court by email on May 25, 2022, and the parties' oral argument on May 27, 2022, it is hereby ORDERED that:

1.      Google will present both a corporate witness and Google employee Vimal Natarajan for venue discovery depositions at mutually agreeable dates and times;

2.      Arigna will present a corporate witness for a venue discovery deposition not to exceed three record hours at a mutually agreeable date and time;

3.      The close of venue discovery in this matter is extended to June 10, 2022; and

4.      Arigna's opposition to Google's Motion to Transfer Venue (Dkt. 43) shall be due on June 24, 2022, and Google's reply brief shall be due on July 8, 2022.


SIGNED this 6th day of June, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE